Cook, J.,
concurring. I agree with the majority’s decision to vacate Green’s death sentence and to remand the cause to the trial court. I write separately to (1) bolster the record support for the allocution decision in Part II of the majority opinion and (2) disagree with the language in Part V that suggests that trial courts must explicitly reject, in sentencing opinions, all inadmissible evidence.
1
In Part II, the majority cites a portion of the sentencing-phase transcript and determines that when the panel asked Green if there was anything he wished to say “with regard to those offenses,” the context of that question “suggests that the court may have solicited comment only on the noncapital offenses.” (Emphasis added.) A review of the sentencing-phase transcript as a whole confirms, without a doubt, that the panel never invited Green to speak on his own behalf or present information in mitigation of punishment for the capital offenses in this case.
The transcript shows that the panel retired to consider the aggravating and mitigating circumstances at 5:18 p.m. Later that evening, the panel returned to announce its verdict and sentence Green. First, the panel noted that it had previously found Green guilty of the aggravated murder charges and accompanying capital specifications in Counts 4, 5, and 6. The panel then noted that it had previously found Green guilty of the noncapital offenses in Counts 1, 2, 3, 7, 8, 9, 10, and 11. The panel’s next statement, not cited by the majority, was the *378 following: “Proceeding then with the non-capital sentencing first, then, this panel inquires whether the Defendant has any objection to accelerating sentencing as to Counts 1, 2, 3, 9 and 11 [noncapital offenses] from the regularly scheduled date, which was tomorrow, March 12, 1998 at 10 a.m.” (Emphasis added.)
When counsel did not object, the panel asked Green whether there was anything he wished to say in regard to “those counts” (the noncapital counts it had just referred to — Counts 1, 2, 3, 9, and 11) “as well as on Counts 7, 8 and 10” (also noncapital counts). The panel then heard over fifteen transcript pages of victim-impact testimony and imposed sentence for all of the noncapital counts and specifications. Immediately after imposing sentence for the noncapital offenses, the panel launched into sentencing on the capital counts — Counts 4, 5, and 6— without ever asking Green whether there was anything he wished to say in regard to those offenses.
2
In Part V, citing our Huertas, Goodwin, and Fautenberry cases, the majority correctly determines that the trial court erred when it permitted Moore and his family members to express their opinions about how Green should be punished for the offenses against El-Okdi. Because Green did not object, I agree with the majority’s decision to apply a plain-error analysis. I disagree, however, with the majority’s instruction to the trial court on remand to “clarify whether or not they considered such expressions of opinion from others as to what the sentence should be in this case.” (Emphasis added.) The imposition of such a requirement here could be miscontrued in future cases to be a statement by this court that plain error exists whenever a trial court fails to state expressly that it ignored improper testimony.
As the majority notes, we may presume that trial judges do not rely on inadmissible expressions of opinion. This presumption relieves trial courts of the duty to discount expressly every sort of improperly admitted testimony in their sentencing opinions. By requiring the trial court to clarify whether it considered the improper testimony in this case, the majority undercuts the very presumption that it cites.
Lundberg Stratton, J., concurs in the foregoing concurring opinion.